**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                           No. 98-4377

BLANE WADE O'NEAL,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-92-212)

Submitted: January 19, 1999

Decided: February 10, 1999

Before MURNAGHAN, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Douglas Fredericks, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Kevin M. Comstock, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Blane Wade O'Neal appeals from the district court's order resentencing him to 262 months imprisonment following the district court's vacatur of his conviction for using or carrying a firearm during and in relation to a drug trafficking offense. On appeal, O'Neal argues only that the district court erred in determining that it did not have jurisdiction to reconsider whether O'Neal qualified for a downward departure based on his post-conviction acceptance of responsibility. Finding no error, we affirm.

Following O'Neal's convictions for possession of a firearm by a convicted felon, use or carry of a firearm in relation to a drug trafficking offense, and possession of crack cocaine with intent to distribute, the district court denied his request for downward departure for acceptance of responsibility and sentenced O'Neal to serve 202 months imprisonment on the crack cocaine and the felon-in-possession charges, and a consecutive 60 months on the use or carry offense. This court affirmed O'Neal's conviction and sentence.

O'Neal then filed a motion pursuant to 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1998), in which he asserted that his conviction under 18 U.S.C.A. § 924(c)(1) (West Supp. 1998), was brought into question by the decision in Bailey v. United States , 516 U.S. 137 (1995). The district court vacated O'Neal's § 924(c)(1) conviction and sentence, affirmed the convictions on the other charges, and resentenced O'Neal on the remaining charges enhancing his sentence by two levels under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997), for possession of a dangerous weapon. On appeal, this court affirmed the vacatur of the § 924(c) conviction, but vacated the sentence and remanded for resentencing on the ground that O'Neal had a right to be present at sentencing.

Following a hearing with O'Neal present, the district court resentenced him to 262 months imprisonment after imposing the two-level enhancement under USSG § 2D1.1(b)(1). During this hearing, O'Neal requested that the court consider whether, based on his post-conviction rehabilitation, he could receive a downward departure for

2

acceptance of responsibility. The district court denied this request, noting that it did not have jurisdiction to consider that issue, and, even if it did, the court would deny the request. O'Neal timely noted an appeal and argues on appeal that the district court erred in determining that it did not have the authority to consider whether to depart downward for post-incarceration acceptance of responsibility.

At his resentencing hearing, O'Neal asserted that, during his incarceration on these offenses, he had come to accept responsibility for his actions. He requested that the court grant him the three-level decrease in offense level due to his acceptance of responsibility. Section 3E1.1 provides the sentencing court with the discretion to decrease a defendant's offense level in cases in which the defendant has "clearly demonstrat[ed] acceptance of responsibility for his offense." USSG § 3E1.1(a). However, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." USSG § 3E1.1, comment. (n.2). A "determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct," rather than post-conviction rehabilitation. Id. Here, the conduct upon which O'Neal seeks a determination that he has accepted responsibility for his actions occurred, not only after he put the government to its burden of proof at trial, was convicted and sentenced, but after he served part of his sentence. We agree with the district court that post-conviction rehabilitation is not a proper basis for a finding of acceptance of responsibility.

Therefore, we affirm the order of the district court denying a reduction for acceptance of responsibility and resentencing O'Neal to a term of 262 months imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3